UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TETYANA VASILEVNA ANDRIYCHUK,<br><br>　　　　Defendant. | Case No. 1:18-CR-00252-BLW<br><br>**REPORT AND RECOMMENDATION** |

On January 16, 2019, Defendant Tetyana Vasilevna Andriychuk appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment, the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the

**REPORT AND RECOMMENDATION - 1**

Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant had her initial appearance on the Indictment on September 10, 2018, before Magistrate Judge Ronald E. Bush. At that time, the Government did not move for detention. Defendant was released subject to the Court's Order Setting Conditions of Release. (Dkt. 14.)

Since then, Defendant has complied with all conditions of pretrial release. The Defendant successfully completed an impatient drug treatment program. She submits to drug testing and has had no issues of non-compliance. Defendant has maintained her residence with her husband and three children. She is currently pregnant with her fourth child. According to Defendant's motion for continued release, she assists with the care of her children, including transporting them to and from school. She works with her husband in his business while her children are at school. Pretrial Services recommends

**REPORT AND RECOMMENDATION - 2**

that Defendant's release be continued pending imposition of sentencing. The Government does not object.

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release, Defendant's compliance, and Defendant's personal support to her family at this time, and finding that Defendant is unlikely to flee or pose a danger to the community if release is continued, the Court will recommend release be continued under the conditions previously imposed. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)  The District Court accept Defendant Tetyana Vasilevna Andriychuk's plea of guilty to Count One of the Indictment.

2)  The District Court order forfeiture consistent with Defendant Tetyana Vasilevna Andriychuk's admission to the Criminal Forfeiture allegation in the Indictment and the Plea Agreement.

3)  The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release entered on September 10, 2018. (Dkt. 14.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a

**REPORT AND RECOMMENDATION - 3**

result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: January 16, 2019

_____
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION - 4**